## Enbody and Burke Estates

Before Klein, P. J., Bolger, Hunter, Lefever, Saylor and Shoyer, JJ.

50

52

54

56

58

62

*Robert E. Woodside*, Attorney General, and *Irving N. Kieff*, Deputy Attorney General, for Commonwealth.

*Oscar M. Hansen* and *Anthony H. Whitaker*, for Frances Tatlow Guano, contra.

*Paul Maloney*, for Mary A. Burke, contra.

SHOYER, J., June 5, 1953.—The exceptions filed by the Commonwealth in both of these cases involve the one basic question, to wit, whether benefits payable to a named beneficiary under a company pension plan following the premature death of the employe, are subject to the Pennsylvania transfer inheritance tax. The two cases were heard by Judges Hunter and Lefever sitting together, but disposed of in separate opinions. Judge Hunter wrote the opinion in the Enbody case, which involves the pension plan of the Pennsylvania Manufacturers' Association Casualty Insurance Company, and Judge Lefever the opinion in the Burke case, which involves the Curtis Pension Plan and Trust.

In each case the employe had retired and commenced receiving installment benefits payable for a definite number of months certain, with any unpaid balance to go to his named beneficiary.

Miss Enbody had received but 14 monthly installments of $33 each before her death, leaving a balance of 106 guaranteed installments, or $3,498, which the trustee paid the beneficiary named by decedent to receive it.

In the Burke case, decedent received retirement benefits for but three months prior to his death, and then his wife, whom he had designated on the company's records as principal beneficiary, became entitled to receive monthly benefits for 57 months out of a so-called Basic Fund with a commuted valuation of $3,986.

In each case the hearing judge has sustained the appeal taken by the taxpayer beneficiary from the assessment of the tax by the Register of Wills.

The Manufacturers and the Curtis funds have these common characteristics in that each fund was created solely by contributions of the employer and in no event could the employe assign, encumber, borrow or anticipate any interest in the fund, and the two funds were expressly exempted from attachment by employes' creditors. The employe could do nothing more than name the beneficiary to receive the balance of the guaranteed certain payments remaining in the event of his untimely death.

These funds could not be withdrawn by the employe in his lifetime, as could the funds under the Sears Roebuck & Company plan construed by our Supreme Court in Dorsey Estate, 366 Pa. 557 (1951), nor were they subject to cash surrender and assignment as were the annuities in Bayer's Estate, 345 Pa. 308 (1942), followed by the Orphans' Court of Allegheny County in Hoelzel Estate, 101 Pitts, L. J. 77 (1952).

We believe that the distinction made by our Supreme Court in Dorsey Estate, supra, at p. 562, as to insurance funds which do not "pass from" decedent's estate but directly from the assets of a third party can be just as aptly drawn with regard to the two pension funds here involved. Similarly, the policy of the law which excepted the proceeds of life insurance policies and beneficial funds from the impact of the taxing statute, is just as readily applicable to pension trusts

created, as were these, for the same beneficial purpose.

We are all agreed that each hearing judge has correctly decided the issues before him, and has so clearly and fully set forth his reasons in support thereof, that further enlargement on our part is unnecessary.

All the exceptions are accordingly dismissed and the decision in each case is confirmed absolutely.